IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

DAVID COOPER, #7743                       *

    Plaintiff,                              *

        v.                                  *       2:07-CV-11-MEF
                                                  (WO)
ANTHONY TODD CARTER, *et al*.,           *

    Defendant.                            *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Plaintiff, a county inmate, files this 42 U.S.C. § 1983 action against attorney Anthony Todd Carter, the Honorable Lucie McLemore, the District Attorney for Montgomery County, Alabama, the Clerk of the Montgomery County District Court, and Corporal M.D. Hall. Plaintiff files this action alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States were abridged by the conduct and actions of Defendants with regard to criminal charges currently pending against him in the Circuit Court for Montgomery County, Alabama, and various proceedings related to those pending charges. Plaintiff seeks damages from the named Defendants and requests that obstruction of justice and perjury charges be brought against them.[1] Upon review of the complaint, the court concludes that dismissal of this case prior to service of

---

[1] Plaintiff is advised that a "private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Leeke v. Timmerman*, 454 U.S. 83 (1981).

process is proper under 28 U.S.C. § 1915(e)(2)(B).[2]

## I. DISCUSSION

*A. Anthony Todd Carter, Esq.*

Plaintiff challenges the conduct and/or actions of Defendant Carter, the public defender appointed to represent Plaintiff on his pending criminal charges. An essential element of a 42 U.S.C. § 1983 action is that the conduct complained of was committed by a person acting under color of state law. An attorney who represents a defendant in criminal proceedings does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981) *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject to suit under section 1983."); *Parratt v. Taylor*, 451 U.S. 527 (1981). Since the conduct about which Plaintiff complains was not committed by a person acting under color of state law, the claims asserted by him against legal counsel are frivolous as they lack an arguable basis in law. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Accordingly, Plaintiff's claims against Defendant Carter are due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).

---

[2]A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

*B. The Honorable Lucie McLemore*

Plaintiff complains about adverse rulings and decisions made by Judge McLemore in regard to his pending criminal charges. The conduct about which Plaintiff complains emanates from judicial actions taken by Judge McLemore in her capacity as a state judge. As such, the claims entitle Plaintiff to no relief.

It is clear that all of the allegations made by Plaintiff against Judge McLemore emanate from actions taken by this defendant in her judicial capacity during state court proceedings over which she had jurisdiction.  The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority. *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978). Accordingly, Plaintiff's claims for monetary damages against Judge McLemore are "based on an indisputably meritless legal theory" and are, therefore, due to be dismissed upon application of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).  *See Neitzke*, 490 U.S. at 327.

To the extent Plaintiff seeks injunctive relief for actions taken by Judge McLemore, this court lacks jurisdiction to render such judgment.  A federal court has no jurisdiction or right to grant relief under 42 U.S.C. § 1983 with respect to challenges to state court decisions in particular cases arising out of state court proceedings even if those challenges allege that the court's action was unconstitutional. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Datz v. Kilgore*, 51 F.3d 252 (11th Cir. 1995); *cf. Berman v. Florida Board of Bar Examiners*, 794 F.2d 1529 (11th Cir. 1986).  An action filed pursuant

to 42 U.S.C. § 1983 may not be used as a substitute to appeal a decision of a state circuit court. *Datz*, 51 F.3d at 254 (finding that a § 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988). Likewise, a 42 U.S.C. § 1983 action may not be used to compel a state court to take a particular course of action because this court has no authority to issue a writ directing state courts or their judicial officers in the performance of their duties. *Lamar v. 118 Judicial Dist. Court of Texas*, 440 F.2d 383, 384 (5th Cir. 1971); *Haggard v. State of Tennessee*, 421 F.2d 1384, 1386 (6th Cir.1970); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969).

C. The False Charges/Perjury Claim

Plaintiff appears to complain that law enforcement officials fabricated criminal charges against him and/or lacked probable cause to arrest him, and committed perjury during his state court criminal proceedings. These claims provides no basis for relief.

The law is well settled that 42 U.S.C. § 1983 does not authorize the assertion of a claim against a police officer or other individual for committing perjury during state court proceedings. *Briscoe v. LaHue*, 460 U.S. 325 (1983). "[I]n litigation brought under 42 U.S.C. § 1983 . . ., all witnesses - police officers as well as lay witnesses - are absolutely immune from civil liability based on their testimony in judicial proceedings. [*Briscoe v. LaHue*,] 663 F.2d 713 ([7th Cir.] 1981)." *Id.* at 328. The Court further implied that the false testimony of a police officer in and of itself does not violate an accused's constitutional

rights. *Id*. at 327, n. 1. Thus, Plaintiff's perjury claim is without legal basis and, as such, is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke*, 490 U.S. at 327.

To the extent Plaintiff alleges that law enforcement officials lacked probable cause to arrest him, he is entitled to no relief. The exhibits submitted in support of the complaint reflect that law enforcement officials arrested Plaintiff pursuant to a warrant issued by the District Court of Montgomery County. The state court issued the warrant due to Plaintiff's violation of the community notification act for adult criminal sexual offenders. (Doc. No. 1, Exhs. A-8, B-1, O.) It is, therefore, clear that probable cause existed for issuance of the warrant. Consequently, "because [Plaintiff's] arrest was based upon a warrant supported by probable cause, his arrest was not unconstitutional. . ." *United States v. Jones*, 377 F.3d 1313, 1314 (11th Cir. 2004).

*D. The False Imprisonment Claim*

To the extent Plaintiff's complaint may be construed as containing an allegation that he is falsely imprisoned on criminal charges pending before the Circuit Court of Montgomery County because he is innocent of the charges lodged against him, such claim may not proceed in this § 1983 action. It appears from a review of the instant complaint that the criminal charges about which Plaintiff complains are presently pending before the state courts of Montgomery County. Under the decision of the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate

remedy at law and will not suffer irreparable injury if denied injunctive relief." The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43. In this case, Plaintiff has an adequate remedy at law because he may pursue all of his federal constitutional issues through the state court system. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). Plaintiff can vindicate his constitutional rights in the on-going state court proceedings. Moreover, Plaintiff has not alleged the existence of any special circumstances which create a threat of irreparable harm. The mere fact that he must endure state criminal prosecution fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45. This court must, therefore, abstain from considering the merits of Plaintiff's challenge to his confinement.[3] *See also Uboh v. Reno,* 141 F.3d 1000, 1006 (11th Cir.1998) (a civil proceeding challenging the grounds on which the prosecution of the defendant had been commenced would indirectly implicate the question of the defendant's guilt; this "type of parallel inquiry by way of a civil suit prior to the resolution of a criminal action based on the same type of events is precisely the quandary that *Heck [v. Humphrey*, 512 U.S. 477 (1994)] prohibits."). In light of the foregoing, dismissal of Plaintiff's false imprisonment claim is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii) as this claim is not cognizable in a 42

---

[3]The court notes Plaintiff's complaint that he remained imprisoned falsely when his preliminary hearing was delayed. There is no federal requirement that States afford preliminary hearings to persons accused of state criminal offenses. Furthermore, if the omissions about which Plaintiff complains were found to violate his federal rights, it is clear that his claims concern criminal charges which are currently pending before the state courts of Montgomery County, Alabama, and, thus, as noted, are not currently appropriate for consideration by this court.

U.S.C. § 1983 action at this time.

*E.  The Montgomery County District Attorney*

Plaintiff files suit against the District Attorney for Montgomery County, Alabama. The court understands Plaintiff to challenge the actions of this defendant with regard to matters related to the criminal charges pending against him.  "A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).  The prosecutorial function includes the initiation and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976), and all appearances before the court, including examining witnesses and presenting evidence.  *See Burns v. Reed*, 500 U.S. 478, 492 (1991)." *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002); *see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998).

> [A]bsolute immunity is an entitlement to be free from suit for money damages.... [T]he purpose of the immunity is to shield officials from the distractions of litigation arising from the performance of their official functions.  To fulfill its purpose, official immunity protects government officials not only from having to stand trial, but also from having to bear the other burdens attendant to litigation, including pretrial discovery.... In *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the Supreme Court held that a prosecutor is absolutely immune from civil suit for damages under section 1983 for actions taken "in initiating a prosecution and in presenting the State's case." *Id.* at 431, 96 S.Ct. at 995.

*Marx v. Gumbinner*, 855 F.2d. 783, 788-89 (11th Cir. 1988).

Plaintiff's challenge to the conduct and/or actions of the District Attorney arise from this defendant's role "as an 'advocate' for the state" and such actions are "intimately

associated with the judicial phase of the criminal process." *Mastroianni*, 60 F.3d at 676. (citations omitted). Plaintiff's claims against this defendant are, therefore, due to be dismissed as she is "entitled to absolute immunity for that conduct." *Id*.

*F. The Clerk of the Montgomery County District Court*

Plaintiff names the Clerk of the Montgomery County District Court as a defendant. From the complaint and attachments thereto, the undersigned discerns no specific allegation against this defendant. Nonetheless, the law is settled that the absolute immunity of the judge extends to the clerk when a court clerk acts "under command of court decrees or under explicit instructions of a judge" *Williams v. Wood*, 612 F.2d 982, 985 (5th Cir. 1980). Additionally, where a court clerk acts pursuant to authority granted by state law and acts on behalf of a court, the clerk is absolutely immune from damages liability when sued under 42 U.S.C. § 1983 because she is performing a judicial function. *See Scott v. Dixon*, 720 F.2d 1542 (11th Cir. 1983). Additionally, the mere fact that an individual holds a titular position such as the Clerk of Court for the Montgomery County District Court is insufficient to establish liability, as the doctrine of *respondeat superior* (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. Supervisors cannot be held liable for the errors of their subordinates or on the basis of vicarious liability. *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994); *Brown v.* Crawford, 906 F.2d 667, 671 (11th Cir. 1990); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986). In light of the foregoing, the court concludes that Plaintiff's claims against the Clerk of the Montgomery County District Court are subject to dismissal under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke*, 490 U.S. at 327.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint against the named defendants be DISMISSED with prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B);

2. Plaintiff's unlawful confinement claim be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

3. This complaint be DISMISSED prior to service of process.

It is further ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before January 30, 2007. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on

September 30, 1981.

Done, this 18th day of January 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE